ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

SEP 24 2007

GAIL M. REESE, FREDIA HINSON, )
and TAMMY WICKER as Surviving )
Children and GAIL M. REESE as )   CIVIL ACTION
Administratrix of the Estate of )
Mildred Marshall, )   FILE NO:
)
Plaintiffs, )   **1 07-CV-2323**
)
vs. )
)
BEVERLY HEALTH AND )
REHABILITATION SERVICES, INC., )
)
Defendant. )

JAMES N. HATTEN CLERK
By: Deputy Clerk

BBM

## PETITION FOR REMOVAL

Petitioner Beverly Health and Rehabilitation Services, Inc. (``Beverly''), hereby submits this Petition for Removal of the action herein referred to from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows to the Court the following:

1.

That Petitioner herein, Beverly, is Defendant in a civil action brought in the State Court of Gwinnett County, Georgia, entitled Gail M. Reese, et al v. Beverly Health and Rehabilitation Services, Inc., Civil Action File No. 07C-12395-

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based. (A true and correct copy of the Notice of Removal along with Plaintiff's Complaint is attached hereto as Exhibit ``A'').

3.

The aforementioned action was commenced by the filing of the Complaint on August 24, 2007.

4.

This Petition is filed within thirty (30) days from the first date of service of the Defendant, pursuant to 28 U.S.C. §1446 and F.R.C.P. 6(a), as it is filed within thirty (30) days of filing of the matter.

5.

This Court has jurisdiction over this action pursuant to §1332 of Title 28 of the United States Code because there is complete diversity of citizenship between the Plaintiffs and Defendants and because, upon the facts pled in Plaintiffs' Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

---

[1] Although no specific dollar amount is prayed for in the Complaint, Plaintiffs do specifically allege that this is wrongful death action and they seek the full value of the life of Mildred Marshall. Thus, Petitioner has a good faith belief that

5.

Upon information and belief, Petitioner shows that the controversy between the Plaintiffs and Petitioner is a controversy between citizens and residents of the State of Georgia (Plaintiffs) and Beverly, a corporation incorporated under the laws of the State of Delaware, with its principal places of business in Arkansas.

6.

Upon information and belief, Plaintiffs were at the time of the commencement of this action and still are citizens and residents of the State of Georgia.

7.

Petitioner Beverly was at the time of the commencement of this action and still is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Arkansas.

8.

The matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is a civil action brought in a State Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.

---

the amount in controversy exceeds the $75,000 threshold

10.

Based on the complete diversity that exists between all parties and the amount in controversy, the pending action is one which Petitioner is entitled to remove to this Court pursuant to 28 U.S.C. §1332.

WHEREFORE, Petitioner prays that this Petition for Removal be filed and that said action be removed to and proceed in this Court and that no further proceedings be had in the said case in the State Court of Gwinnett County, Georgia.

Respectfully submitted this $\frac{21^{st}}{}$ day of September, 2007.

HAWKINS & PARNELL, LLP

David C. Marshall
Georgia Bar No. 471512
Patricia M. Peters
Georgia Bar No. 573650
Christian J. Lang
Georgia Bar No. 435437
Attorneys for Defendants
Beverly Health and
Rehabilitation Services, Inc.

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia   30308-3243
(404) 614-7400

---

requirement to invoke diversity jurisdiction.

# EXHIBIT "A"

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

---

| | |
|---|---|
| GAIL M. REESE, FREDIA HINSON, ) | |
| and TAMMY WICKER as Surviving ) | |
| Children and GAIL M. REESE as ) | CIVIL ACTION |
| Administratrix of the Estate of ) | |
| Mildred Marshall, ) | FILE NO: 07C-12395-3 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| BEVERLY HEALTH AND ) | |
| REHABILITATION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

---

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

NOTICE IS HEREBY GIVEN that Beverly Health and Rehabilitation Services, Inc., Defendant in the above-styled action, has filed in the United States District Court for the Northern District of Georgia, Atlanta Division, a Notice of Removal of said action to the United States District Court in accordance with the provisions of 28 U.S.C. §§ 1441, 1446. Attached hereto and made a part hereof is a true copy of said Notice of Removal and all papers and exhibits attached hereto.

Respectfully submitted this ___ day of September, 2007.

*[SIGNATURE ON FOLLOWING PAGE]*

HAWKINS & PARNELL, LLP

David C. Marshall
Georgia Bar No. 471512
Patricia M. Peters
Georgia Bar No. 573650
Christian J. Lang
Georgia Bar No. 435437
Attorneys for Defendants
Beverly Health and
Rehabilitation Services, Inc.

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia   30308-3243
(404) 614-7400

10338429

# EXHIBIT "A"



# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GAIL M. REESE, FREDIA HINSON and )
TAMMY WICKER as Surviving Children )
and GAIL M. REESE as Administratrix )
Of the Estate of Mildred Marshall )
  )
  Plaintiffs, )
  )  Civil Action File No
vs. )  $07C - 12395$  3
  )  **Jury Trial Demanded**
BEVERLY HEALTH AND )
REHABILITION SERVICES, INC. )
  )
  Defendant. )
_____)

TOM LAWLER, CLERK

2007 AUG 24  PH 3: 29

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

## COMPLAINT

COMES NOW GAIL M. REESE, FREDIA HINSON and TAMMY WICKER as Surviving

Children and GAIL M. REESE, as administratrix of the estate of Mildred Marshall, Plaintiff in the

above-styled action, and hereby files this Complaint against Defendant, BEVERLY HEALTH AND

REHABILITATION SERVICES, INC. and respectfully shows the Court as follows:

1.

FREDIA HINSON, TAMMY WICKER and GAIL M. REESE as the administratrix of the

estate of Mildred Marshall, decedent, and brings this suit for recovery of funeral and medical

expenses, resulting from the injuries and death of the decedent, and the pain and suffering and

distress felt by the decedent between the time of the negligent acts and omissions, and her death.

2.

Mildred Marshall's surviving children are Gail M. Reese, Freda Hinson and Tammy Wicker.

There is no surviving spouse. The surviving children and Gail Reese, as administratrix of the estate of Mildred Marshall, brings this action for the wrongful death and for the economic and non-economic value of the life of Mildred Marshall.

3.

Defendant, Beverly Health and Rehabilitation Services, Inc., (hereinafter referred to as "Beverly Health") at all relevant times in this complaint owned and operated Beverly Health was formerly located at 4115 Glenwood Road, Decatur, Georgia 30032. The facility is now known as Golden Living Center at Glenwood. Beverly Health is an entity having legal capacity to sue and be sued within Gwinnett County, Georgia. Said Defendant may be personally served with summons and complaint through its registered agent Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Said defendant is subject to the jurisdiction and venue of this court.

4.

At all times pertinent hereto, Defendant through its agents, employees and servants, operated Beverly for the general public, and in particular held itself out as being properly staffed with nursing personnel who were competent to care for the patients admitted to such nursing home facility, and represented the nursing home was properly maintained by it's administrators and staff to safely care for residents by employing or otherwise staffing competent nurses and other medical providers, and by using procedures generally accepted in the medical community. Defendant held itself out to be a skilled nursing facility.

5.

On May 9, 2005, Ms. Marshall was seen in the emergency room for what her family thought

-2-

was a stroke. During this hospitalization she was diagnosed with brain cancer. Prior to that time she lived independently in a retirement community.

6.

Because of her prognosis, Ms. Marshall was admitted to Christian Ministries (Odyssey Hospice). During her stay at Christian Ministries, Ms. Marshall developed a bedsore that healed and her condition improved to the level that she no longer met the requirements for hospice care.

7.

As result of her improved medical status, Ms. Marshall was transferred to Beverly for skilled nursing care and required total care for activities of daily living. Her Discharge/Transfer Assessment noted that her skin was dry and intact.

8.

Mildred Marshall became a patient of Beverly on August 12, 2005. By August 15, 2005, the family was requesting that Ms. Marshall be transferred due to the lack of nursing care and rapidly progressing decubiti ulcer. Her admitting diagnoses were Brain Cancer, Hypertension and Diabetes Mellitus On admission, the physician ordered duoderm to the sacral wound, five (5) to seven (7) days, as needed.

6.

On August 12, 2005, Ms. Marshall had developed a small pressure ulcer. The admitting notes did not stage her pressure ulcers. It was also noted that Ms. Marshall needed total assistance with all of her activities of daily living.

7.

This information should have placed Beverly Health on notice that Ms. Marshall was at high

-3-

risk for developing decubitus ulcers

8.

Despite this information Beverly Health, by and through its nurses, agents and employees did not properly assess Ms. Marshall as being at high risk for development of decubitus ulcers. Rather, the notes are void of any assessment.

9

Subsequent to August 12, 2005, until Ms. Marshall was discharged and admitted to Westbury Nursing Homes for treatment of her conditions including pressure ulcers on August 22, 2005. Beverly Health failed to adequately assess Ms. Marshall's risk for development of pressure ulcers, failed to consistently provide turning and repositioning and other measures to prevent the development of pressure ulcers and failed to consistently provide care and treatment for pressure ulcers once such ulcers existed. By August 22, 2005, Ms. Marshall developed ulcers on upper sacral buttocks

10.

Ms. Marshall was admitted to Westbury Nursing Home on August 22, 2005 for further treatment.

11.

On August 24, 2005, Ms. Marshall died at Westbury Nursing Home.

12.

Subsequent to August 12, 2005, until Ms. Marshall was discharged and admitted to Westbury on August 24, 2005, Beverly Health, by and through its nurses, employees and agents, failed to adequately assess Ms. Marshall's risk for development of pressure ulcers, failed to consistently

-4-

provide turning and repositioning and other measures to prevent the development of pressure ulcers and failed to consistently provide are and treatment for pressure ulcers once such ulcers existed.

13.

Beverly Health by and through its nurses, agents and employees, did not properly assess Ms. Marshall as being at high risk for development of decubitus ulcers.

16.

At all times relevant herein, defendant Beverly Health was the actual and/or ostensible employer and provided its facilities, equipment and supplies, and employed or provided as its apparent or actual employees, nurses, Certified Nurse Assistants, and other medical personnel as its agents in the care and treatment of Ms. Marshall and is liable to Plaintiffs' for all tortious acts and omissions of all such persons.

17.

During the care and treatment of Ms Marshall, Defendant Beverly Health was required to offer the care and skill of a skilled nursing facility and nursing staff exercised generally when treating patients like Ms. Marshall under the same or similar circumstances of those that existed at the time of her care and treatment.

18.

Beverly Health deviated from the standard of care set forth in the immediately preceding paragraph and its employees failed to exercise that degree of care and skill required of the nursing profession in general by failing to adequately assess Ms. Marshall's risk for development of pressure ulcers, failing to consistently provide turning and repositioning and other measures to prevent the development of pressure ulcers and failing to consistently provide care and treatment of pressure

-5-

ulcers once such pressure ulcers existed, despite having information that should have alerted the staff that Ms. Marshall was a high risk patient.

19.

To a reasonable degree of medical certainty, had Beverly Health not deviated from the relevant standard of care, Ms Marshall would not have suffered the injuries specified herein and she would not have prematurely died

20.

Pursuant to O.C.G.A. §9-11-9.1, Plaintiff attaches hereto as Exhibit "1" and incorporates by reference the affidavit Nadine Thomas, RN a duly qualified registered nurse, competent to testify alleging at least one particular act of negligence by Defendant Beverly Health.

## COUNT I

21.

Plaintiff adopts and reiterates paragraphs 1-20 as if set forth fully herein.

22.

As a direct and proximate result of the negligence of Defendant Beverly Health deviation of the standard of care, it resulted in the death of Mildred Marshall.

Plaintiffs are entitled to recover the full value of Ms. Marshall's life from Defendant.

## COUNT II

24.

Plaintiff adopts and reiterates paragraphs 1-20 as if set for the fully herein.

25.

-6-

As a direct and proximate result of the negligence of Defendant Beverly Health Care, Mildred Marshall suffered severe personal injuries, pain and suffering and was forced to incur medical and funeral expenses.

26.

As a result, Plaintiffs are entitled to recover on behalf of the estate damages sufficient to compensate the estate for Ms. Marshall's personal injuries, pain and suffering, medical expenses and funeral expenses.

## COUNT III

27.

Plaintiffs adopts and reiterates paragraphs 1-20 as if set forth fully herein

28.

Defendant Beverly Health's acts and omissions in the care and treatment of Mildred Marshall were careless, reckless and negligent and demonstrate willful, wanton misconduct or an entire want of care such as to raise the presumption of conscious indifference to the consequences entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiffs pray:

1.  That summons and process issue on the Complaint as required by law to be served upon defendant, along with a copy of the complaint as provided by law;

2.  That issues here be tried by a jury;

3.  That Plaintiff have judgment against Defendant in an amount in excess of $10,000.00; and

-7-

4.    That all costs of court be taxed against Defendant.

Respectfully Submitted.

*Pamela S. Stephenson*

Pamela S. Stephenson, Esq.
Georgia Bar No: 679558
Attorney for Plaintiffs'

Stephenson Reynolds, LLC
4153-C Flat Shoals Parkway
Suite 324
Decatur, Georgia 30034
Telephone: 404-243-0200
•Facsimile: 404-243-0307

-8-

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

GAIL M. REESE, FREDIA HINSON and       )
TAMMY WICKER as Surviving Children     )
and GAIL M. REESE as Administratrix    )
Of the Estate of Mildred Marshall      )
                                       )
                  Plaintiffs,          )
                                       )          Civil Action File No._____
vs                                     )
                                       )
BEVERLY HEALTH AND                     )
REHABILITION SERVICES, INC.            )
                                       )
                  Defendant.           )
_____)

2007 AUG 24  PH 3: 29
TOM LAWLER, CLERK
FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

## AFFIDAVIT OF NADINE THOMAS, RN

Personally appeared before the undersigned officer duly authorized by the laws of the state of

Georgia to administer oaths, Nadine Thomas, RN, who after first being duly sworn, states the

following:

1.

My name is Nadine Thomas, R.N. I am over the age of 18 and competent in all respects to

testify the matters herein.

2.

This Affidavit is given in support of the above-referenced action as an expert witness on

behalf of the Plaintiff herein.

3.

I am a registered nurse licensed to practice nursing in the State of Georgia. I am of the age of

-9-

majority  As a registered nurse, I am a member of the same professional as the nurses whose conduct is at issue in this lawsuit.  I have actual professional knowledge and experience in the area of practice or specialty in which my opinion is given in this affidavit, as reflected in this affidavit and in my Curriculum Vitae, which ahs been attached hereto and incorporated herein by reference as Exhibit "A".  At the time I signed this affidavit, I was licensed by an appropriate regulatory agency to practice my profession in the state in which I was practicing or teaching in that profession at the time I signed the affidavit.  I am qualified as an expert by virtue of my knowledge, skill, experience, training, and education regarding the issues raised in the affidavit.  I am qualified by virtue of knowledge, skill, experience, training, and education to give opinions regarding the acceptable standard of care and conduct expected of the professionals whose conduct is at issue in this affidavit. I have actively practiced in my area of specialty for at least three of the last five years immediately preceding my signing of this affidavit, and for at least three of the last five years immediately preceding the events upon which I am rendering an opinion occurred, with sufficient frequency to establish an appropriate level of knowledge in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the professionals whose conduct is at issue in this affidavit

4.

The facts in this case upon which I base my opinions are of a type reasonably relied upon by experts in our particular field.

5.

The testimony I have given herein is, in my opinion, based upon sufficient facts or data, which should be admissible evidence at any hearing or trial in this matter.  The testimony I have

-10-

given herein is the product of reliable principles and methods, and I have applied those principals and methods reliably to the facts of this in arriving at the opinions I express herein.

6.

In preparation of this Affidavit, I have reviewed and rely upon the following the medical records of Mildred Marshall at Christian Ministries Hospice, Beverly Health and Westbury Medical Care Home.

7.

Mildred Marshall became a patient of Beverly Health on August 12, 2005.

8.

On admission, Ms Marshall had a history of other healed pressure ulcers. It was also noted that Ms. Marshall needed total assistance with all of her activities of daily living.

9.

This information should have placed Beverly Health on notice that Ms. Marshall was at high risk for developing decubitus/ pressure ulcers.

10

Despite this information Beverly Health, by and through its nurses, agents and employees did not properly assess Ms. Marshall as being at high risk for development of decubitus ulcers.

11.

Subsequent to August 12, 2005, until Ms. Marshall was discharged and admitted to Westbury Medical Care Home, Beverly Health failed to adequately assess Ms. Marshall's risk for the development of decubitus/pressure ulcers, failed to consistently provide turning and repositioning and other measures to prevent the development of decubitus/pressure ulcers and failed to consistently

-11-

provide care and treatment for ulcers once such ulcers existed.

12.

Subsequent toy August 12, 2005, until Ms. Marshall was discharged and admitted to Westbury Medical Care Home on August 22, 2005, Beverly, by and through its nurses, employees and agents, failed to adequately assess Ms. Marshall's risk for development of pressure ulcers, failed to consistently provide turning and repositioning and other measures to prevent the development of pressure ulcers and failed to consistently provide care and treatment for pressure ulcers once such ulcers existed.

13.

Ms. Marshall was transferred to Westbury Medical Care Home on August 22, 2005, where she remained a patient until her death on August 24, 2005.

18.

I am familiar with and have personal knowledge of the standard of care required of a skilled nursing facility and nursing staff exercised generally when treating patient's like Ms. Marshall under the same or similar circumstances as those that existed at the time of her care and treatment.

19.

Beverly Health deviated from and fell below the relevant standard of care and its employees failed to exercise that degree of car and skill required of the nursing profession in general by failing to adequately assess M s. Marshall's risk for development of pressure ulcers, failing to consistently provide turning and repositioning and other measures to prevent the development of pressure ulcers and failing to consistently provide care and treatment of pressure ulcers once such pressure ulcers existed, despite having information that should have alerted the staff that Ms. Marshall was a high

-12-

risk patient

20.

This affidavit is based upon my personal knowledge and upon my review of the aforementioned records. It is not the purpose of this affidavit to set forth each and every criticism that I may have now, or may have in the future, based upon further review of the information concerning the care and treatment of Mildred Marshall, rather, the purpose of this affidavit is to comply with the requirements of O.C.G.A. §9-11-9.1 for use in accompanying the Complaint filed in this action and for any and all other purposes allowed by law. It is not intended to encompass all of the opinions held by me. Rather, as discovery progresses, I reserve the right to modify, alter or form additional opinions.

FURTHER AFFIANT SAYETH NOT, this $\underline{24}$ day of $\underline{August}$, 2007.

Nadine Thomas

Sworn to and subscribed before me,

This $\underline{24}$ day of $\underline{August}$, 2007

NOTARY PUBLIC .

MELISSA D. MITCHELL
NOTARY PUBLIC, DEKALB COUNTY GEORGIA
MY COMMISSION EXPIRES MARCH 19, 2011

# NADINE THOMAS

*3679 Talonega Trail – Ellenwood, GA 30294 – (404) 241-0576 – thomas3679@bellsouth.net*

## OBJECTIVE

A *Professional Leadership Role* that will utilize my expertise in Operations Management, Community Relations, and Health Care Leadership in order to

- Analyze processes and evaluate resources to structure operations for maximum efficiency and effectiveness
- Develop innovative solutions to patient care challenges including new services and redesign of nursing care that improves quality
- Design and initiate staff development initiatives that increase motivation and productivity
- Provide leadership for positive change to enhance operations and influence achievement of organization's objective

## EDUCATION

| | | |
|---|---|---|
| **Walden University** *Masters of Public Administration Degree* | Baltimore, MD | 05/2007 |
| **Clayton College & State University** *Bachelor of Science Degree Nursing* | Morrow, GA | 12/2003 |
| **Georgia State University** *Bachelor of Science, Psychology* | Atlanta, GA | 1978-1982 |
| **Edison Community College** *Associate of Science Degree Nursing* | Fort Myers, FL | 04/1974 |
| **Licensure & Certification** *Registered Nurse* *Registered Nurse* | Georgia Florida | Active Inactive |

## PROFESSIONAL EXPERIENCE

### Legacy Medical Center of Atlanta

*Chief Nursing Officer/VP Patient Services*          Atlanta, GA          10/2005 – Present

- Responsible for the operations and management of the department of nursing, patient services, and 75-100 employees in, medical/surgical, emergency services, surgical services, outpatient services, critical care, women and infants, cardiopulmonary, pharmacy and nursing education.

- Responsible for the facilitation in acquiring state licensure and CMS accreditation for a new facility

- Planned and developed clinical services for a 125 bed acute care facility in collaborations with other senior members

- Developed, implemented, and evaluated policies and procedures for all clinical and patient services

- Developed all job descriptions and performance evaluations for all clinical and patient services

- Responsible for interviewing, hiring, and training of clinical and patient service staff

- Maintained  and enforced compliance with state, federal, and accrediting bodies by monitoring operations and initiating changes where required
- Daily collaboration interdepartmentally
- Facilitated and organized  the analysis of core processes to identify opportunities for improvement in clinical processes and service delivery in collaboration with appropriate senior staff
- Developed and implemented division budget
- Coordinated, planned, assigned , and directed work
- Responsible for the performance appraisals; rewarding and disciplining employees, addressing and resolving conflicts in collaboration with the department of human resources.
- Assumed monthly administrative call after hours
- Assumed the duties and responsibilities in the absence of CEO

| *VP of Governmental/ Regulatory Affairs/*<br>Corporate Compliance | Atlanta, GA | 07/2005 - 10/2005 |
|---|---|---|
| Georgia  General Assembly<br>*State Senator, District 10 (Member)* | Atlanta, GA | 01/1993 - 01/2005 . |
| *State Representative, District 55(Member)* | Atlanta, GA | 01/1991 - 01/1993 |

| United Health care Solutions | Ellenwood, GA | 5/2000 - Present |
|---|---|---|

*Consultant/Principal.*
- Provided consultation to long -term care organizations on federal and state regulatory compliance issues

- Assessed and monitored organizational compliance

- Developed and Implemented comprehensive quality assurance programs.

- Responsible for staff development, training, and staff compliance.

- Responsible for the development and implementation of  company budget

- Responsible for and performed skin assessment on nursing home resident as required

| Grady Health System | Atlanta, GA | 10/1994- 5/2000 |
|---|---|---|

*Director, Community Outreach*

- Responsible for the daily operations of the department and coordination of all community outreach programs

- Planned and facilitated community advocacy groups for presentation of hospital budget to both the Fulton and DeKalb County Board of Commissioners

References available upon request

- Developed and implemented departmental policy and procedures

- Developed and implemented departmental budget and strategic plan

- Coordinated and provided health promotion presentations to local community groups

- Responsible for performance appraisals and training of staff members

## Clinical Management History

Spalding Regional Hospital     Griffin, Georgia     10/2002-03/2005

*Administrative Nursing Supervisor (PRN)*

- Managed and Coordinated hospital wide activity in collaboration with Administrator

- Managed all administrative issues after hour in collaboration with administrator

- Responsible for scheduling in all clinical areas in collaboration with managers

- Responsible for ensuring that safe clinical practices are maintained by both staff and physicians

- Provide support to staff, patients, and families

- Assist staff and medical staff with conflict resolution

- Provide counseling as needed to staff, patients and families as needed

- On-going communication with Physicians

- Responsible for bed control after hours and weekends

Piedmont Fayette Hospital     Fayetteville, GA     06/2005 – 02/2006

*Administrative Nursing Supervisor (PRN)*
- Manage and Coordinate hospital wide activity in collaboration with Administrator

- Managed all administrative issues after hour in collaboration with administrator

- Responsible for scheduling in all clinical areas in collaboration with managers

- Ensure that safe clinical practice is maintained by staff and physicians

- Provide support to staff, patients, and families

- Assist staff and medical staff with conflict resolution

References available upon request

- Provide counseling as needed to staff, patients and families as needed

- On-going communication with Physicians

- Responsible for bed control after hours and weekends

| | | |
|---|---|---|
| **Southwest Hospital and Medical Center** *Administrative Nursing Supervisor* | Atlanta, GA | 02/1990 - 10/1994 |
| **Crawford Long Hospital** *Nursing Unit Coordinator* | Atlanta, GA | 12/1977 - 05/1990 |
| **Egleston Children Hospital** *Staff OR Nurse* | Atlanta, GA | 1/1977 -12/1977 |
| **Lee Memorial Hospital** *Charge Nurse; OR* | Fort Myers, FL | 1968 - 1976 |

## PROFESSIONAL ASSOCIATIONS

- Advisory Board, HealthCare Management, Clayton State University
- American College of Healthcare Executives
- American Nurses Association
- Arts Counsel of DeKalb County, Board Member
- Carrie Steele Pitts Home for Children, Former Board Member
- Georgia Nurses Association
- HealthCare Corporate Compliance Associate (Candidate)
- Henry Toll Fellowship, University of Kentucky
- Hughes Spalding Children Hospital Advisory Board
- Leadership Clayton & DeKalb
- Morehouse School of Public Health Advisory Board
- Southwest Hospital & Medical Center, Former Board Member

References available upon request

<u>O.C.G.A. §9-11-9.2 Medial Authorization Form</u>

COMES NOW Plaintiff, Gail M. Reese, who has filed a Complaint alleging a medical negligence claim against certain defendants. This case is filed in the State Court of Gwinnett County and is styled, Gail M. Reese as Administratrix of the Estate of Mildred Marshall vs. Beverly Health and Rehabilitation Services, Inc. The Plaintiff is contemporaneously filing with the Complaint the following authorization:

I, <u>Gail M. Reese</u>, hereby authorize each and every attorney representing each and every defendant named above to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation and defense of the claims and allegations set forth in the Complaint which pertain to Mildred Marshall, or, where applicable, the Plaintiff's decedent whose treatment is at issue in the complaint. This authorization includes each such defense attorney's right to discuss the care and treatment of Mildred Marshall or where applicable, the plaintiff's decedent, with all treating physicians. This authorization provides for the release of any and all protected health information, except information that is considered privileged, and authorizes the release of such information to each such defense attorney by any physician or healthcare facility by which healthcare records of Mildred Marshall are maintained.

This 27th day of August 2007.

Gail M. Reese Administratrix of the
Estate of Mildred Marshall

-14-

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

GAIL M. REESE, FREDIA HINSON,     )
and TAMMY WICKER as Surviving     )
Children and GAIL M. REESE as     )   CIVIL ACTION
Administratrix of the Estate of   )
Mildred Marshall,                 )   FILE NO:  07C-12395-3
                                  )
                Plaintiffs,       )
                                  )
vs.                               )
                                  )
BEVERLY HEALTH AND                )
REHABILITATION SERVICES, INC.,    )
                                  )
                Defendant.        )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the foregoing **Notice of Removal to United States District Court** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Pamela S. Stephenson
> Stephenson Reynolds, LLC
> 4153-C Flat Shoals Parkway
> Suite 324
> Decatur, Georgia 30034

Respectfully submitted this $\underline{24}^{th}$ day of September, 2007.

*[SIGNATURE ON FOLLOWING PAGE]*

HAWKINS & PARNELL, LLP


David C. Marshall
Georgia Bar No. 471512
Patricia M. Peters
Georgia Bar No. 573650
Christian J. Lang
Georgia Bar No. 435437
Attorneys for Defendant
Beverly Health and
Rehabilitation Services, Inc.

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia   30308-3243
(404) 614-7400

10338429

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GAIL M. REESE, FREDIA HINSON, )
and TAMMY WICKER as Surviving )
Children and GAIL M. REESE as ) CIVIL ACTION
Administratrix of the Estate of )
Mildred Marshall, ) FILE NO:
)
             Plaintiffs, )
)
vs. )
)
BEVERLY HEALTH AND )
REHABILITATION SERVICES, INC., )
)
             Defendant. )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **PETITION FOR REMOVAL** with Exhibits "A", "B", "C" and "D" attached thereto, together with Attorney's Affidavit, Affidavit of Filing in State Court of Gwinnett County, and Notice of Filing by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

             Pamela S. Stephenson
             Stephenson Reynolds, LLC
             4153-C Flat Shoals Parkway
             Suite 324
             Decatur, Georgia 30034
             *Counsel for Plaintiffs*

Respectfully submitted this ___ day of September, 2007.

*[SIGNATURE ON FOLLOWING PAGE]*

10338393

HAWKINS & PARNELL, LLP

David C. Marshall
Georgia Bar No. 471512
Patricia M. Peters
Georgia Bar No. 573650
Christian J. Lang
Georgia Bar No. 435437
Attorneys for Defendants
Beverly Health and
Rehabilitation Services, Inc.

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia  30308-3243
(404) 614-7400

10338393